### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-CR-20105-RAR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RODOLFO PICHARDO,

      Defendant.

_____/

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court on Defendant Rodolfo Pichardo's Motion for Compassionate Release [ECF No. 185]. The Court having carefully reviewed the Motion, the Government's Response in Opposition [ECF No. 189], the record, and applicable law, it is

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

### BACKGROUND

On February 26, 2019, Defendant was charged in a five-defendant, fifteen-count indictment regarding an extensive and long-running scheme to submit more than $38 million in fraudulent claims to Medicare. *See* Indictment [ECF No. 3]. Defendant pleaded guilty to conspiracy to commit health care fraud and wire fraud, conceding he was the organizer and leader of the fraudulent scheme, which involved multiple home health care companies, staffing companies, and pharmacies. *See* Plea Agreement [ECF No. 109]; Factual Proffer [ECF No. 110]. This Court sentenced him to a bottom-of-the-guidelines sentence of 188 months' imprisonment, followed by 3 years of supervised release. *See* Judgment and Sentence [ECF No. 159].

Defendant has served approximately eighteen months of his more than fifteen-and-a-half-year sentence. According to the Bureau of Prisons ("BOP"), he is currently incarcerated at FMC

Butner, and has a scheduled release date of April 2, 2033.  *See* Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (Reg. No. 19699-104) (last visited June 2, 2021).  On or about January 20, 2021, Defendant—through counsel—submitted a letter to the BOP titled "Emergency Request for Home Confinement."  The letter requested home confinement and referenced compassionate release.  The BOP denied the request.  The instant Motion followed.

## LEGAL STANDARD

"A district court may modify a sentence only if the modification is authorized by a statute or a rule."  *United States v. Monaco*, 832 F. App'x 626, 628 (11th Cir. 2020) (citing *United States v. Puentes*, 803 F. 3d 597, 605-06 (11th Cir. 2015)).  As amended by the First Step Act, 18 U.S.C. section 3582(c)(1)(A) grants district courts the authority to reduce an imposed term of imprisonment upon motion by the Director of the Bureau of Prisons ("BOP") or upon motion of the defendant if certain requirements are met.  *Id.*  A defendant may move for a reduction of his or her sentence under section 3582(c)(1)(A) only after fully exhausting "all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). [1]

The statute permits a court to reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission policy statement applicable to motions for compassionate release is

---

[1]  Here, the Government agrees that Defendant has exhausted administrative remedies with the BOP.  *See* Resp. at 3 n.3 [ECF No. 189] (noting that Defendant's letter to the BOP referenced compassionate release and citing to section 3582(c)(1)(A)(ii); "[t]herefore, the Government agrees that because Defendant arguably made a compassionate release request with BOP, which was denied and/or 30 days has run, he has exhausted his administrative remedies."); *id.* at 5 ("[T]here is no disputing that Defendant exhausted his administrative remedies . . ..").

found in U.S.S.G. § 1B1.13.   Section 1B1.13's extraordinary and compelling reasons for compassionate release include: (A) a medical condition where the prisoner is suffering from (i) a terminal illness, or (ii) deteriorating health related to aging that substantially diminishes the ability of the prisoner to provide self-care within the prison; (B) the serious deterioration in physical or mental health of a prisoner who is at least 65 years old and has served a certain portion of his term of imprisonment; (C) the death or incapacitation of the caregiver of the prisoner's minor child; and (D) other reasons as determined by the Director of the BOP.   U.S.S.G. § 1B1.13, comment. (n.1). Further, section 1B1.13 requires a finding that the defendant is not a danger to the safety of any other person or to the community.

The Eleventh Circuit has made clear that the policy statement in section 1B1.13 governs a motion for compassionate release, whether it is filed by the BOP or by a prisoner.  *United States v. Bryant*, 996 F.3d 1243, No. 19-14267, 2021 WL 1827158, at *1 (11th Cir. May 27, 2021) ("The Commission's standards are still capable of being applied and relevant to all Section 3582(c)(1)(A) motions, whether filed by the BOP or a defendant.  And the structure of the Guidelines, our caselaw's interpretation of an 'applicable policy statement,' and general canons of statutory interpretation all confirm that 1B1.13 is still an applicable policy statement for a Section 3582(c)(1)(A) motion, no matter who files it."); *see also United States v. Cook*, ___ F.3d ___, No. 20-13293, 2021 WL 2149339, at *3 (11th Cir. May 7, 2021) ("Before granting a motion [for compassionate release], the court must determine whether a movant has offered 'extraordinary and compelling reasons' and whether a reduction or release would be consistent with the policy statement found at U.S.S.G. § 1B1.13[.]") (citing *Bryant*, 2021 WL 1827158, at *13).  In other words, when reviewing a defendant's application for compassionate release, a district court must assess the requirements set forth in section 1B1.13 to determine if "extraordinary and compelling" reasons exist for a sentence reduction under section 3582(c)(1)(A)(i).

Critically, even if the court finds that extraordinary and compelling circumstances warrant a sentence reduction, it must still consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A); *see also Cook*, 2021 WL 2149339 at *4 ("[W]hen considering a motion under § 3582(c)(1)(A)(i), [a district court] 'must ensure that the record reflects that it considered the [applicable] § 3553(a) factors.'") (quoting *United States v. Douglas*, 576 F.3d 1216, 1220 (11th Cir. 2009)).  A court may deny a defendant's motion if it determines that the section 3553(a) factors override what would otherwise be "extraordinary and compelling reasons" for a sentence reduction.  *See Cook*, 2021 WL 2149339 at *4; *United States v. Bell*, No. 18-CR-60115, 2021 WL 917675, at *4 (S.D. Fla. Mar. 10, 2021) ("[E]ven assuming that extraordinary and compelling circumstances exist[] . . . , the Court must still determine whether the sentencing factors under § 3553(a) support [d]efendant's release and whether [d]efendant poses a danger to the safety of others or to the safety of the community pursuant to § 3142(g).").

## ANALYSIS

Here, the Court assumes—without deciding—that Defendant has demonstrated extraordinary and compelling reasons weighing in favor of compassionate release.  In fact, the Government concedes as much in its Response.  *See* Resp. at 5 ("Here, for purposes of responding to this motion, there is no disputing that Defendant . . . suffers from medical conditions that could qualify as 'extraordinary and compelling' under U.S.S.G. § 1B1.13 cmt. n.1(A)(i)-(ii).").

Of course, this is not the end of the inquiry, as "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. [section] 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (alterations added); *see also Monaco*, 832 F. App'x at 629 (explaining that if there are "'extraordinary and compelling reasons' for compassionate release, the district court has the discretion to reduce the defendant's

term of imprisonment after considering the applicable section 3553(a) factors."). "Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing," the Court must assess whether "immediate release would be consistent with those factors" upon consideration of the circumstances underlying the request for compassionate release and the time remaining in Defendant's sentence. *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020).

There is little question that the section 3553(a) factors in this case disfavor a sentence reduction. The section 3553(a) factors include, among others, the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; and (5) protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). Here, the health care fraud offenses committed by Defendant were egregious. Specifically, Defendant built a vast empire founded on fraud—consisting of home health agencies, therapy staffing companies, pharmacies, and more. See Presentence Investigation Report [ECF No. 151]. Over several years, the Defendant and his wife manipulated said empire to submit more than $38 million in fraudulent claims to Medicare, for which the trust-based program then paid out more than $31 million. *Id.* The Defendant then used this money to purchase multiple properties, high-end vehicles, expensive jewelry, plane tickets, vacations, cosmetic procedures, and more, both for himself and his family members. *Id.*

Accordingly, this Court declined to entertain a variance and imposed a guideline sentence of 188 months' imprisonment. This term of imprisonment was imposed due to the seriousness of the underlying offense; the need for a just punishment designed to promote respect for the law; and the importance of providing a deterrent effect with regard to health care fraud offenses. *See*

*United States v. Macli*, 842 F. App'x 549, 553  (11th Cir. 2021) (affirming denial of compassionate release for an 81-year-old man serving a 30-year prison sentence for health care fraud because 3553(a) factors did not warrant release.); *see also United States v. Rind*, 837 F. App'x 740, 744 (11th Cir. 2020) (affirming denial of compassionate release where the court did not find an "extraordinary and compelling reason to grant [defendant's] release based on its consideration of the 3553(a) factors.").

Additionally, Defendant has served only 21 months of his sentence.  Allowing him to be released after serving less than half of his imposed sentence would not only undercut the 3553(a) factors, but also generate a substantial and unwarranted sentencing disparity.  *See* Resp. at 7 (outlining the sentences of various co-defendants); *Chambliss*, 948 F.3d at 693-94 (affirming denial of compassionate release, even though the defendant had presented "extraordinary and compelling" circumstances, based on the seriousness of the offense, the defendant's criminal history, and that he had served only 14 years of a 30-year sentence).  In fact, were the Court to grant the instant Motion, Defendant—the mastermind and prime beneficiary of the health care fraud scheme—would receive a vastly more lenient sentence than less culpable co-defendants who Defendant recruited into the scheme.  Resp. at 7 ; *see also Pawlowski*, 967 F.3d at 330-331 (affirming denial of white-collar defendant's compassionate release request, even assuming extraordinary and compelling medical reasons, due to 3553(a) factors and the fact that reducing defendant's sentence would result in him serving substantially less time than his co-defendant). Accordingly, this Court's obligation to avoid unwarranted sentencing disparities under section 3553(a)(6) further militates against compassionate release.

Lastly, the Court notes that BOP is providing Defendant with appropriate medical care. Defendant had successful surgery to remove cancerous cells in December 2020.  *See* Resp. at 7. Further, his chemotherapy treatment has been successful; recent BOP medical reports indicate that

he is tolerating the treatment well, has normal vital signs, and is not reporting to be experiencing

any pain.  *See* Gov. Ex. 1, Sealed BOP Medical Records [ECF No. 191-1].  In sum, the record

indicates that Defendant is receiving the proper care while in custody.

## **CONCLUSION**

After considering all of the relevant circumstances and information presented, the Court

concludes that the section 3553(a) factors simply do not favor a reduction of Defendant's sentence.

*See, e.g., United States v. Hernandez*, No. 14-CR-20624, 2021 WL 736411, at *2 (S.D. Fla. Feb.

24, 2021); *United States v. Williams*, No. 19-CR-00033, 2021 WL 1238410, at *2 (M.D. Fla. Apr.

2, 2021); *United States v. Seshan*, No. 14-CR-00620, 2020 WL 2215458, at *4 (S.D.N.Y. May 6,

2020).[2]  Thus, for the reasons stated herein, it is

**ORDERED AND ADJUDGED** that Defendant Rodolfo Pichardo's Motion for

Compassionate Release [ECF No. 185] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of June, 2021.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[2]  Given that Defendant's release is unwarranted in light of the 3553(a) factors, the Court need not further
analyze whether Defendant poses a danger to the safety of the community under section 3142(g).  *See
United States v. Martin*, No. 98-CR-00178, 2020 WL 3960433, at *6 (E.D. Pa. July 13, 2020) ("The factors
listed in 3142(g) are largely duplicative of those in 3553(a).") (quoting *United States v. Salvagno*, No. 02-
CR-00051, 2020 WL 3410601, at *7 (N.D.N.Y. Apr. 23, 2020)).